(No. 3733— ▉▉▉▉▉▉▉▉)

CLIFFORD FRANE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

JOHN C. FRIEDLAND, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed July 22, 1942. It is for benefits under the Workmen's Compensation Act claimed by claimant for the loss of the first phalange of the third finger and the loss of the first phalange on the fourth or little finger of the left hand. The claim is based on injuries alleged to have arisen out of and in the course of claimant's employment as a mechanic's helper for the Division of Highways, Department of Public Works and Buildings.

The complaint alleges that claimant, while engaged in removing a snow plow frame from under a truck, was injured when the frame accidently dropped from the truck frame, amputating the first phalange of the third and fourth fingers of his left hand.

It is further alleged that claimant was given first aid treatment at St. Joseph's Hospital, Joliet, Illinois, and was returned to the Sherman Hospital, Elgin, Illinois, for additional hospitalization.

It is further alleged that claimant was employed for forty-one (41) consecutive weeks by the State of Illinois prior to the date of the injury, and that during said time he received the total of One Thousand One Hundred Ten and 48/100 Dollars ($1,110.48) as wages from the State of Illinois. That the claimant has been paid compensation for one and three-sevenths weeks, amounting to Twenty-one and 17/100 Dollars ($21.17).

Complaint further alleges that claimant is entitled to compensation in the sum of Three Hundred Thirty-five and 12/100 Dollars ($335.12).

The record of the case consists of the complaint, report of the Division of Highways of the State of Illinois, and brief and argument filed on behalf of respondent.

The accident for which this claim is filed occurred on March 19, 1942. Notice of the same was given to respondent on the date it occurred and claim was filed on July 22, 1942. The provisions of Section 24 of the Workmen's Compensation Act having been complied with, this court has jurisdiction thereof.

It appears from the report of the Division of Highways that the claimant was engaged in routine duty when the frame which he was removing from the bottom of the truck fell, crushing the fingers on his left hand, and that the injury arose during his normal working hours and while he was on

duty. From the record, it thus appears that claimant's accident arose out of and in the course of his employment. It also appears from the record and, in accordance with the report of Dr. Partridge of the Sherman Hospital, that claimant suffered permanent disability, namely, loss of terminal phalanx of fourth finger of left hand and two-thirds (2/3) of terminal phalanx of little finger. The record also shows that the medical and hospital bills, incurred because of the injury to claimant, have been paid for by respondent, and that claimant has also received payment for his temporary total disability.

This court is of the opinion that claimant has suffered fifty (50) per cent loss of the use of his third finger, also fifty (50) per cent loss of the use of his fourth finger. In accordance with the record, his average weekly wage would be computed at Twenty-five and 38/100 Dollars ($25.38). Under Section 8, Subsection E, paragraphs 4, 5 and 17, claimant would be entitled to fifty (50) per cent of $25.38, or $12.69 weekly for 12½ weeks for partial permanent injury to his third finger, or a total of $158.63, and would be entitled to $12.69 for 10 weeks or $126.90 for partial permanent injury to his fourth finger, making a total of $285.53, which said amount is increased ten (10) per cent by Subsection L of Section 8, making total award to which he is entitled $314.08.

Award is, therefore, entered in favor of claimant for the said sum of Three Hundred Fourteen and 08/100 Dollars ($314.08), all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.